IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL STEPHEN SALAS,
Petitioner,

v.

Civ. No. 21-209 JB/DLM

VINCENT HORTON, *Warden*,
Respondent.

### ORDER DENYING MOTION TO RECONSIDER DENIAL OF APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on the Petitioner Stephen Salas's May 8, 2023 second Motion Requesting Appointment of Counsel. (Doc 16.) Although the Petitioner's submission is titled as a motion, Petitioner requests reconsideration of the Court's August 8, 2021 Order Denying Motion for Appointment of Counsel (Doc. 7) related to his 28 U.S.C. § 2254 habeas corpus proceeding. (*See* Doc. 16.) Petitioner asserts that "he is in fact illiterate, and his knowledge of the law is limited . . . ." (Doc. 16 at 1.) Respondents filed a Response in Opposition on May 17, 2023. (Doc. 17.) Respondents argue that the Court should not appoint counsel because the Petitioner filed a "comprehensive petition setting forth multi-claims for relief." (*Id.* at 3.) Respondents also point out that the Court previously denied Petitioner's motion for appointment of counsel. (*Id.*)

Motions for reconsideration are not recognized in the Federal Rules of Civil Procedure. *Ysaus v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010). Because the "Court's . . . ruling was not a final judgment[,]" Sanchez's motion to reconsider "is considered 'an interlocutory motion invoking the [Court's] general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.'" *See Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223

n.2 (10th Cir. 2008) (quoting *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)). The Court's authority to decide a motion to reconsider is found in Federal Rule of Civil Procedure 54(b), pursuant to which the court "can freely reconsider its prior rulings." *Med Flight Air Ambulance, Inc. v. MGM Resorts Int'l*, No. 17-CV-0246 WJ/KRS, 2018 WL 1997292, at *5 (D.N.M. Apr. 27, 2018) (citing *Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1238 (D.N.M. 2015)); *see also Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). "In addition, the rule 'puts no limit or governing standard [on] the district court's ability to do so, other than that it must do so before the entry of judgment.'" *Med Flight Air Ambulance, Inc.*, 2018 WL 1997292, at *5 (quoting *Lujan*, 122 F. Supp. at 1238 (internal quotation marks omitted)).

Here, the Court finds that circumstances do not exist that warrant the relief requested. In his original Motion for the Appointment of Counsel (Doc. 3), Petitioner claimed the pandemic impeded his ability to access legal material. Now Petitioner claims he is illiterate, his knowledge of the law is narrow, and counsel is needed to investigate his case, which are factors to consider in determining the appointment of counsel. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). However, Petitioner prepared a detailed habeas petition that survived initial review. Additionally, Petitioner's petition contains various other filings indicating his ability to navigate and understand the legal process. Simply put, the basis for Petitioner's renewed request for counsel does not convince the Court that counsel should be appointed.

THEREFORE, IT IS ORDERED that the Motion Requesting Appointment of Counsel (Doc. 16.) is denied.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE