IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL STEPHEN SALAS,
       Petitioner,

No. 2:21-cv-0209 JB/DLM

VINCENT HORTON, Warden, and
RAÚL TORREZ, Attorney General for
the State of New Mexico,
       Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner Paul Stephen Salas's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, which is fully briefed. (Docs. 1; 13; 24.) Having considered the record and the relevant law, the Court concludes that Salas's petition is time-barred and should be dismissed.[1]

**I.   Factual and Procedural Background**

    **A.   State Court Proceedings**

The conviction underlying Salas's § 2254 petition has a labyrinthian history, spanning two trials, four appeals, and six versions of the judgment and sentence. The Court will summarize the relevant portions of the procedural history below.

        **1.   May 19, 2000 Judgment & Sentence: Convictions Reversed by New Mexico Court of Appeals**

On April 26, 2000, a jury in the Tenth Judicial District for the State of New Mexico found Salas guilty on four counts: <u>Count 1</u>: armed robbery; <u>Count 2</u>: assault with intent to commit a violent felony; <u>Count 3</u>: false imprisonment; and <u>Count 4</u>: possession of a firearm by a felon. (*See*

---

[1] United States District Judge James O. Browning entered an Order of Reference on April 13, 2023, referring this case to the undersigned magistrate judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 15.)

Doc. 13-1 at 3–6.) On May 15, 2000, the State filed a Supplemental Criminal Information charging Salas as a habitual offender on the basis of six previous felony convictions: (1) 1975 (commercial burglary); (2) 1978 (escape from inmate release program); (3) 1980 (armed robbery and aggravated battery); (4) 1985 (armed robbery); (5) 1985 (armed robbery); and (6) 1999 (possession of methamphetamine). (*See id.* at 7–8.)

The state court entered the original Judgment, Sentence, and Commitment on May 19, 2000. (*Id.* at 9.) In the Judgment, the court: (1) found Salas guilty on all four counts; (2) deemed all offenses were serious violent offenses for purposes of N.M. Stat. Ann. §§ 33-2-34 and 31-18-15; (3) elevated the armed robbery conviction from a second-degree offense to a first-degree offense under N.M. Stat. Ann. § 30-16-2 due to his two prior armed robbery convictions; (4) found he is a habitual offender due to his six prior felony convictions; and (5) imposed a 48-year[2] sentence with incarceration deemed to have begun on August 22, 1999, to give Salas credit for pre-confinement time served. (*See id.* at 9–12.)

Salas timely appealed. (*See id.* at 14.) The New Mexico Court of Appeals agreed with Salas that the court erred by allowing the State to introduce impeachment evidence of felony convictions that were more than 10 years old. (*See id.* at 64, 123.) It reversed his convictions. (*See id.* at 127.)

> **2.   November 19, 2002 Judgment & Sentence and September 11, 2003 Amended Judgment & Sentence: Reversed and Remanded for Resentencing by New Mexico Court of Appeals**

After the appellate court reversed his conviction, the State retried Salas. On November 14, 2002, he was found guilty on the same four counts. (*See id.* at 156–59.) The State filed a Supplemental Criminal Information on November 14, 2002, charging Salas as a habitual offender

---

[2] The sentence broke down as follows: <u>Count 1</u>: 18 years; <u>Count 2</u>: 3 years with 8 years for the habitual enhancement; <u>Count 3</u>: 18 months with 8 years for the habitual enhancement; <u>Count 4</u>: 18 months with 8 years for the habitual enhancement, all to run consecutively. (Doc. 13-1 at 11–12.)

under N.M. Stat. Ann. § 31-18-17 on the basis of four previous felony convictions: (1) 1980 (armed robbery and aggravated battery); (2) 1985 (armed robbery); (3) 1985 (armed robbery); and (4) 1999 (possession of methamphetamine). (*Id.* at 154–55.)

The state court entered the Judgment, Sentence, and Commitment on November 19, 2002, and: (1) found Salas guilty on all four counts; (2) deemed all offenses were serious violent offenses for purposes of N.M. Stat. Ann. §§ 33-2-34 and 33-2-36–38; (3) elevated the armed robbery conviction from a second-degree offense to a first-degree offense under N.M. Stat. Ann. § 30-16-2 due to his two prior armed robbery convictions; and (4) imposed a 24-year[3] sentence with incarceration deemed to have begun on August 22, 1999. (*See id.* at 160–62.)

On May 5, 2003, the state court held a Habitual Enhancement proceeding, during which Salas admitted the fact of his prior convictions and confirmed his understanding of the habitual enhancement charges. (*See id.* at 165–67.) On September 11, 2003, the state court entered an Amended Judgment, Sentence, and Commitment, its third judgment in this matter. (*Id.* at 167.) The court repeated its findings from the November 19, 2002 Judgment and additionally found Salas is a habitual offender. (*Id.* at 168–69.) It imposed a 40-year[4] sentence with incarceration deemed to have begun on August 22, 1999. (*Id.* at 168–69.)

Salas appealed. (*Id.* at 171.) The appellate court denied Salas's appeal on the merits and affirmed the conviction, but sua sponte reversed the sentence and remanded for resentencing. (*Id.* at 223.) The court of appeals found that the trial court erred: (1) by enhancing Salas's armed robbery conviction based on *both* the prior armed robbery convictions *and also* by the habitual

---

[3] The sentence was the same as it was before, less the habitual enhancements. (*See* Doc. 13-1 at 161–62.)

[4] The sentence broke down as follows: <u>Count 1</u>: 18 years with four years for the habitual enhancement; <u>Count 2</u>: 3 years with four years for the habitual enhancement; <u>Count 3</u>: 18 months with four years for the habitual enhancement; <u>Count 4</u>: 18 months with four years for the habitual enhancement, all to run consecutively. (*Id.* at 169.)

offender statute; and (2) by enhancing Salas's sentences using prior felonies that were more than ten years old under N.M. Stat. Ann. § 31-18-17(D)(1) (1993). (*See id.* at 239–42.) The appellate court opined that only one of Salas's prior felony convictions—the 1999 conviction for possession—could be used to enhance his sentences as a habitual offender under the 2002 amendment to § 31-18-17. (*See id.* at 242.)

Both Salas and the State filed Petitions for Writ of Certiorari to the New Mexico Supreme Court. (*Id.* at 244, 256.) The state supreme court denied Salas's petition. (*See id.* at 268.) The court granted, then quashed the State's petition. (*See id.* at 270; Doc. 13-2 at 273.) The supreme court ultimately entered an order directing the court of appeals to require the trial court to determine, pursuant to the 2002 amendment to N.M. Stat. Ann. § 31-18-17, whether Salas "had completed serving his sentence(s) for the 1985 armed robberies less than ten years prior to" his most recent convictions "and, thus, whether or not the 1985 convictions are available . . . to enhance his sentences . . . ." (*See* Doc. 13-2 at 274.) The appellate court's June 20, 2005 Mandate provided:

> This decision being now final, the cause is remanded to you for any further proceedings consistent with said decision, and consistent with the New Mexico Supreme Court's order of June 2, 2005, directing that "the trial court first should determine, pursuant to NMSA 1978, Section 31-18-17 (2002, prior to 2003 amendment), whether or not defendant had completed serving his sentence(s) for the 1985 armed robberies less than ten years prior to the convictions for which he was sentenced in 2003 and, thus, whether or not the 1985 convictions are available under NMSA 1978, Section 31-18-17 to enhance his sentences for those convictions."

(*Id.* at 276.)

### 3. June 29, 2007 Second Amended Judgment & Sentence: Reversed and Remanded for Resentencing by New Mexico Court of Appeals

On remand, the state district court entered its Second Amended Judgment, Sentence, and Commitment on the Mandate on June 29, 2007. (*See id.* at 277.) In relevant part, the court found

that: (1) the convictions in Counts 1 and 2 were serious violent offenses under N.M. Stat. Ann. §§ 33-2-34 and 33-2-36–38; (2) Salas's three prior armed robbery convictions enhanced his conviction for armed robbery from a second-degree offense to a first-degree offense under N.M. Stat. Ann. § 30-16-2; (3) Salas admitted the allegations of the Supplemental Information that charged him as a habitual offender; and (4) less than ten years had elapsed from the date Salas completed the sentences imposed in the two 1985 armed robbery convictions. (*Id.* at 278–79.) The court sentenced Salas to 18 years on Count 1; 3 years with 4 years enhancement on Count 2; 18 months with 4 years enhancement on Count 3; and 18 months with 4 years enhancement on Count 4, all to run consecutively. (*Id.* at 279–80.) The court concluded that the total sentence was 24 years with incarceration deemed to have begun on August 22, 1999. (*See id.* at 280.) Respondents highlight that the calculation of 24 years was in error, as the total sentence "added up to 36 years." (*See* Doc. 13 at 5 n.2.) The court corrected this error in 2009. (*See id.* (citing Doc. 13-3 at 438).)

Salas timely appealed. (Doc. 13-2 at 282.) The appellate court denied Salas's appeal on three of the four issues he presented. (*See id.* at 322.) It reversed on the remaining issue and remanded "so that the district court [could] determine whether [Salas's] conviction for assault with intent to commit a violent felony is a serious violent offense and, if so, enter the proper findings in support of its determination." (*See id.*)

Salas filed a Petition for Writ of Certiorari with the New Mexico Supreme Court. (*Id.* at 333.) The supreme court denied the petition on June 23, 2008. (*Id.* at 344.)

On September 15, 2008, Salas filed a pro se Petition for Writ of Mandamus with the state supreme court. (*See id.* at 357.) Salas asked the supreme court to direct the state court to sentence him according to the New Mexico Court of Appeals' December 20, 2004 Memorandum Opinion, in which the appellate court found that Salas's 1999 conviction, and not his 1985 convictions,

5

"may be used to enhance the sentences for his current convictions" in Counts 2–4. (*See* Docs. 13-1 at 242; 13-2 at 359–60.) In ruling on the State's Petition for Writ of Certiorari, however, the New Mexico Supreme Court stated that the appellate court's opinion "appears to assume that the 1985 convictions are not available, but the record on appeal does not permit us to confirm that assumption." (Doc. 13-2 at 274–75.) Thus, the mandate directed the trial court to make findings about whether the 1985 convictions could be used to enhance Salas's convictions. (*See id.* at 274, 276.) The state district court had complied with the mandate, which included the supreme court's instruction. (*See id.* at 279 ("find[ing] that less than ten (10) years had elapsed from the date" Salas completed the sentences imposed for the 1985 convictions).) Accordingly, the New Mexico Supreme Court denied the Petition for Writ of Mandamus. (*Id.* at 425.)

### 4. September 4, 2009 Third Amended Judgment & Sentence: Affirmed by New Mexico Court of Appeals

The state district court entered its Third Amended Judgment, Sentence, and Commitment on the Mandate, its fifth judgment in this matter, on September 4, 2009. (Doc. 13-3 at 435.) Relevant here, the court found that: (1) the conviction in Count 1 is a serious violent offense under N.M. Stat. Ann. §§ 33-2-34 and 33-2-36–38; (2) Salas's three prior armed robbery convictions enhanced his conviction for armed robbery from a second-degree offense to a first-degree offense under N.M. Stat. Ann. § 30-16-2; (3) Salas admitted the allegations of the Supplemental Information that charged him as a habitual offender; and (4) less than ten years had elapsed from the date Salas completed the sentences imposed in the two 1985 armed robbery convictions. (*Id.* at 436–37.) The Court sentenced Salas to 36 years imprisonment with incarceration deemed to

have begun on August 22, 1999.[5] (*See id.* at 438.)

Salas appealed. (*Id.* at 440.) The court of appeals affirmed. (*Id.* at 471–73.) Salas filed a Petition for Writ of Certiorari. (*Id.* at 474.) The state supreme court denied the petition on May 25, 2010. (*Id.* at 480.)

On January 25, 2013, Salas filed a pro se motion entitled Motion of Status: Due to Extraordinary Circumstances. (*Id.* at 485.) The State responded in opposition to the motion, and Salas moved for counsel. (*Id.* at 496, 500.) The state district court denied both motions on June 25, 2013. (*Id.* at 505–06.) The court found that Salas was "attempt[ing] to assert anew the grounds advanced in his first appeal . . . ." (*Id.* at 505.) Because those issues had been decided, the court found there were no justiciable issues to resolve. (*Id.* at 506.)

Salas tried several more times, unsuccessfully, to move the trial court for relief from what he alleges is an improper sentence. (*See, e.g.*, *id.* at 507, 522, 529, 601.) He also filed another Petition for Writ of Mandamus with the New Mexico Supreme Court. (*Id.* at 534.) The supreme court denied the petition. (*Id.* at 601.)

      **5.**    **August 8, 2019 Fourth Amended Judgment & Sentence and August 30, 2019 Fifth Amended Judgment & Sentence**

On April 17, 2018, Salas filed a pro se Petition for a Peremptory Writ of Mandamus in the Eighth Judicial District Court. (*Id.* at 742.) He asserted that the Northeast New Mexico Detention Facility was failing to give him credit for the time he spent in presentence confinement as required by the Third Amended Judgment and Sentence. (*Id.* at 743.) The state court converted the petition to habeas corpus proceedings under Rule 5-802 NMRA. (Doc. 13-4 at 782.) Following a stipulated

---

[5] The sentence broke down as follows: <u>Count 1</u>: 18 years; <u>Count 2</u>: 3 years with four years for the habitual enhancement; <u>Count 3</u>: 18 months with four years for the habitual enhancement; <u>Count 4</u>: 18 months with four years for the habitual enhancement, all to run consecutively. (Doc. 13-2 at 437–38.)

transfer of the matter to the Tenth Judicial District Court and appointment of counsel, Salas filed an Amended Petition for Writ of Habeas Corpus on March 6, 2019. (*Id.* at 791.) Salas raised two issues in his amended petition: (1) "[w]hether [he] was correctly awarded pre-sentence confinement time"; and (2) "[w]hether the four habitual prior [convictions] used in [his] judgment and sentence were valid for enhancement purposes." (*Id.* at 800.) The State responded that there was no error in the convictions used for the habitual offender enhancement. (*Id.* at 896–97.) The State further argued that there was no error in the language regarding Salas's pre-sentence confinement time, but if there was any "confusion in the manner that the language in the order is awarding the credit, the State would be open to a fourth amended order to revise that particular paragraph . . . ." (*Id.* at 898.)

The court granted the habeas petition and held that it would amend the judgment "to reflect correction to pre-sentence confinement credit." (*Id.* at 904.) On August 8, 2019, the state court entered the Fourth Amended Judgment, Sentence, and Commitment on the Mandate. (*Id.* at 899.) With respect to the paragraph on Salas's pre-confinement credit, the court found that Salas "shall receive pre-sentence confinement credit from August 22, 1999[,] to November 19, 2002, totaling 1,185 days." (*Id.* at 902.)

On August 30, 2019, the state court entered the Fifth Amended Judgment, Sentence and Commitment on the Mandate. (*See id.* at 912.) The court entered its seventh and most recent judgment in this matter to correct a clerical error to show that the sentence on Count III is not 18 years (*see id.* at 901), but rather is 18 months (*see id.* at 915). Salas moved to reconsider the sentence, and the court denied the motion on January 10, 2020. (*See id.* at 960.)

Between August 22, 2019, and February 10, 2020, Salas filed five motions with the state supreme court to extend the deadline to file a petition for writ of certiorari. (*See id.* at 906, 989.)

8

The court granted four of the motions. (*See id.* at 989.) On July 23, 2021, the state supreme court entered an order noting that Salas filed his fifth motion to extend on February 10, 2020. (*See id.* at 962.) Given that Salas had not filed anything since that date, the court dismissed the matter for failure to perfect the appeal. (*Id.*)

### B. Salas's § 2254 Claims

Salas filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on March 10, 2021. (Doc. 1.) His petition is extensive, and as best the Court can understand, Salas brings the following claims:

> Ground One: Salas alleges he was denied due process under the Fifth and Fourteenth Amendments to the United States Constitution based on the following allegations:
>
> - The State failed to present the elements used to elevate his armed robbery conviction from a second-degree offense to a first-degree offense in the indictment or to the jury. (*Id.* at 15.)
> - The state court failed to sentence him according to the instructions in the appellate court's December 2004 Memorandum Opinion. (*Id.*)
> - The Clerk of the New Mexico Supreme Court did not present his "ex parte pleading" to a justice. (*Id.*)
> - His sentences were "unlawfully enhanced under the Habitual Offender Act by dual usage of a prior conviction in violation of double jeopardy protections." (*Id.* at 6.)
> - The court did not use valid prior convictions to enhance his sentences under the Habitual Offender Act. (*Id.*)
> - He has been denied full pre-confinement credit to his sentence and is being treated differently than other prisoners. (*Id.*)
> - The state supreme court denied his Petition for Writ of Mandamus before he filed a reply brief. (*Id.*)
>
> Ground Two: Salas alleges he was denied his Sixth Amendment right to a "speedy resolution of the imposed sentences and denied effective assistance of counsel" based on the following allegations:
>
> - Trial counsel did not advise him that his second-degree felony would be enhanced to a first-degree felony, nor did he inform Salas of the nature of the accusations against him. (*Id.* at 17.)
> - "None of the appointed defense counsel advocated vigorously" regarding the

- enhancement of the armed robbery charge. (*Id.* at 7, 17.)
- "No defense counsel . . . vigorously challenged" the issue regarding whether the state court was required to follow the appellate court's December 2004 opinion. (*Id.* at 7.)
- Salas was denied access to the court when the Clerk of the New Mexico Supreme court failed to file his ex parte pleading and when the supreme court ruled on his Petition for Writ of Mandamus before he filed a reply brief. (*Id.* at 8.)
- Trial counsel failed to secure alibi witnesses. (*Id.*)
- "Defense counsel did engage in deceitful conduct to make it appear on video that [Salas] was in a court proceeding when in fact a charade [sic] taking advantage of [his] hearing disability and illiteracy." (*Id.*)
- Salas makes specific allegations of ineffective assistance regarding attorneys Aragon, Baca, Mondragon, Friedman, Tangera, Martell, and Stephenson. (*Id.* at 9–11.)
- "District Court Judge Mark Sanchez unethically slighted [Salas]" by calling his motion "unintelligible." (*Id.* at 11.)

Ground Three: Salas alleges he was sentenced to an unlawful term of imprisonment resulting in cruel and unusual punishment based on the following allegations:

- State district court did not follow the appellate court's December 2004 opinion. (*Id.* at 19.)
- Salas's armed robbery conviction was unlawfully enhanced from a second-degree to a first-degree felony. (*Id.*)
- He has been denied full pre-confinement credit to his sentence. (*Id.*)

Respondents filed their Answer on February 13, 2023, and argue that the Court should deny Salas's petition as time-barred. (Doc. 13 at 1.) Alternatively, Respondents contend that Salas's petition should be dismissed because it contains both exhausted and unexhausted claims. (*See id.*)

**II.     Salas failed to timely file his § 2254 petition.**

Before the Court may address the merits of a § 2254 petition, the petitioner must demonstrate that the petition is timely. *See United States v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). "The AEDPA statute

of limitations begins to run from the later of four different events, only one of which is applicable here – the date [Salas's] conviction became 'final.'" *Garcia v. Hatch*, No. CV 08-0881 BB/KBM, 2009 WL 10707141, at *1 (D.N.M. Mar. 12, 2009), *R&R adopted*, 2009 WL 10707142 (D.N.M. Apr. 28, 2009) (citing 28 U.S.C. § 2244(d)(1)(A)).

While the state court entered seven iterations of the judgment and sentence in this case, Respondents contend that it is the fifth version—the Third Amended Judgment—that is critical to the beginning of the one-year limitation period. (*See* Doc. 13 at 20.) To decide which of several versions of a judgment is relevant when calculating the beginning of AEDPA's one-year statute of limitations, courts look to the most recent judgment that made substantive changes to a sentence. *See, e.g.*, *Ezell v. Allbaugh*, 777 F. App'x 271, 274 (10th Cir. 2019); *In re Stansell*, 828 F.3d 412, 420 (6th Cir. 2016). In *Ezell*, for example, the state court entered its judgment and sentence on October 23, 2002. 777 F. App'x at 273. Years later, in 2016, the state court entered a corrected judgment and sentence to reflect that the defendant's "sentences were to run consecutively rather than concurrently . . . ." *Id.* at 274. The defendant argued that the judgment did not become final for purposes of AEDPA until after the 2016 judgment was entered correcting the error in the 2002 judgment. *See id.* The Tenth Circuit disagreed and opined, "a judgment that merely corrects a clerical error in an earlier judgment is not a new judgment that begins a new one-year limitations period under § 2244." *Id.* (citing *In re Stansell*, 828 at 420; *May v. Kansas*, 562 F. App'x 644, 645–46 (10th Cir. 2014)).

Here, the state court made a substantive change to Salas's sentence in the Third Amended Judgment, in that it found for the first time that Count 2 (assault with intent to commit a violent felony) was not a serious violent offense. (*See* Docs. 13-1 at 278; 13-2 at 436, 438.) The changes made in the Fourth and Fifth Amended Judgments, on the other hand, were clerical. In the Fourth

11

Amended Judgment, the court "set out the precise number of days' preconfinement credit due Mr. Salas, instead of more generally noting that his sentence was 'deemed to have begun on August 22, 1999 . . . .'" (*See* Doc. 13-1 at 20 (citing Docs. 13-1 at 162, 169; 13-2 at 280; 13-3 at 435); *see also* Doc. 13-4 at 902, 904.) *Cf. United States v. Mojabi*, 161 F. Supp. 2d 33, 37–38 (D. Mass. 2001) (finding that correcting a judgment to accurately reflect credit for presentence time served does not substantively change the judgment under Federal Rule of Criminal Procedure 36). In the Fifth Amended Judgment, the Court corrected a clerical error in the verbiage relevant to Count 3 (false imprisonment) to reflect the correct sentence of 18 months (*see* Doc. 13-4 at 915) rather than 18 years (*see id.* at 901). Neither of these changes were substantive; they merely clarified and/or corrected the sentence already imposed.

The court entered the Third Amended Judgment, the operative judgment for purposes of § 2244(d)(1)(A), on August 14, 2009. (Doc. 13-3 at 435.) Salas timely appealed. (*Id.* at 440.) On March 30, 2010, the appellate court affirmed the judgment. (*See id.* at 471–73.) Salas timely filed a Petition for Writ of Certiorari. (*Id.* at 474.) On May 25, 2010, the state supreme court denied Salas's petition. (*Id.* at 479.) Salas does not dispute that he "then had 90 days, or until Monday, August 23, 2010, to seek certiorari from the United States Supreme Court." (*See* Docs. 13 at 21 (citing *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001)); 24.) *See also Edwards v. Roberts*, 479 F. App'x 822, 826 (10th Cir. 2012). Thus, the one-year limitations period under AEDPA began to run on August 23, 2010, and ran unabated for more than one year. Had Salas properly filed a state habeas petition or other motion for collateral review within that time, his one-year period would have been tolled. *See* 28 U.S.C. § 2244(d)(2); *see also Edwards*, 479 F. App'x at 826. However, Salas did not file another motion until January 25, 2013, well outside of the one-year

range. (*See* Doc. 13-3 at 485.) The Court thus finds that the one-year limitation period expired on August 23, 2011, and there is no basis for statutory tolling under 28 U.S.C. § 2244(d)(2).

Nor has Salas demonstrated that he is entitled to equitable tolling. "Equitable tolling is appropriate only 'when an inmate diligently pursues his claims *and* demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *Malone v. Oklahoma*, 100 F. App'x 795, 797 (10th Cir. 2004) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). Respondents raise the issue of equitable tolling in their Answer. (Doc. 13 at 19, 22–23.) They argue that Sala's assertion regarding his facility's "lock-down and quarantine status" in 2020 due to Covid-19 cannot justify equitable tolling. (*Id.* at 22 (citing Doc. 1 at 23–24).) Respondents are correct: the one-year limitations period expired well before the pandemic. The pandemic cannot, therefore, constitute an extraordinary circumstance sufficient to merit equitable tolling.

Salas replies that he has had health issues over "the past few years" and explains that he has contracted Covid-19 four times, broken his knee and been in a wheelchair for two years, had two surgeries, and was recently using a walker. (Doc. 24 at 1.) Salas does not demonstrate that his health issues caused him any issues in 2010 or 2011, and thus his recent health issues "cannot excuse his failure to file timely." *See Jones v. Romero*, 835 F. App'x 973, 978 (10th Cir. 2020) (holding that where statute of limitations ran on November 12, 2014, petitioner's health issues in 2019 were inadequate to justify equitable tolling). Salas also asserts that he is illiterate. (Doc. 24 at 1.) The Tenth Circuit has held, however, that "illiteracy does not merit equitable tolling." *Malone v. Oklahoma*, 100 F. App'x 795, 798 (10th Cir. 2004) (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)).

### III. Conclusion

Because the one-year statute of limitations on Salas's claims ran in 2011 and Salas has not demonstrated entitlement to statutory or equitable tolling, the Court recommends his petition be dismissed with prejudice as untimely.[6] *See Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (finding that "[d]ismissal of a petition as time barred operates as a dismissal with prejudice"); *Taylor v. Martin*, 757 F.3d 1122, 1123 (10th Cir. 2014) (denying a request for a certificate of appealability from district court's dismissal with prejudice of untimely § 2254 petition).

**IT IS HEREBY RECOMMENDED** that the Court **dismiss with prejudice** Salas' § 2254 petition as untimely.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

---

[6] Having recommended dismissal on the basis that the petition is untimely, the undersigned does not reach Respondents' alternative argument regarding whether Salas filed a mixed petition. (*See* Doc. 13 at 1.)